UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Galloway Construction, LLC,　　　　　　) | |
| 　　　　　　) | |
| 　　　*Plaintiff*,　　　　　　) | |
| 　　　　　　) | |
| v.　　　　　　) | No.:　　3:13-CV-161-PLR-CCS |
| 　　　　　　) | |
| Utilipath, LLC, and Liberty Mutual　　　　　　) | |
| Insurance Company,　　　　　　) | |
| 　　　　　　) | |
| 　　　*Defendants*.　　　　　　) | |

**<u>Memorandum Opinion and Order</u>**

On May 24, 2013, the Court entered an order staying this action and referring the proceedings to binding arbitration pursuant to an arbitration agreement between the parties. [R. 11]. In January 2014, the arbitration panel issued a decision finding in favor of the plaintiff and awarding money damages. [R. 12-1]. Presently before the Court is the plaintiff's motion for an order confirming the arbitration panel's award as a judgment of the Court, [R. 13]; the defendants' motion to stay confirmation, [R. 16]; the plaintiff's response in opposition of the stay and amended motion to confirm the arbitration panel's decision, [R. 17]; and the defendants' motion to vacate the arbitration award, [R. 19].

The defendants urge the Court to vacate the arbitration award for two reasons. *First*, they contend the arbitration panel exceeded its powers by failing to fulfill its obligations under the arbitration agreement between the parties. Specifically, the arbitration agreement required the panel to "[a]nalyze the issues, claims, counterclaims, and defenses of the [p]arties submitted or presented at the hearing" and to render a "reasoned" award. The defendants contend the arbitration panel failed to do so because the award fails to mention and analyze all of the

defendants' counterclaims and defenses, fails to make a connection between the facts at issue and the conclusions reached, and is otherwise unreasoned and perfunctory. *Second*, the defendants argue the arbitration panel acted in manifest disregard of state law by consciously disregarding the relevant statutes dictating the conditions under which a contractor must release retainage to a subcontractor.

## I. Standard or Review

The standard of review in arbitration cases is "extremely narrow." *NCR Corp v. Sac-Co, Inc.*, 43 F.3d 1076, 1079 (6th Cir. 1995). In fact, the arbitration awards under the Federal Arbitration Act carry a presumption of validity. *Andersons, Inv. v. Horton Farms, Inc.* 166 F.3d 308, 328 (6th Cir. 1998). "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir. 2002) (quoting *Lattimer-Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Thus, "[a] federal court may vacate an arbitration award only in very limited circumstances." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir.2003). "Those circumstances include 'where the arbitrators exceeded their powers,' 9 U.S.C. § 10(a)(4), and where the arbitrators act with 'manifest disregard for the law.' " *Id*. (quoting *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir.2000)).

2

## II. Discussion

### A. The arbitration panel did not provide a reasoned award

Generally, arbitrators are under no obligation to give their reasons for an award. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598 (1960). However, the Federal Arbitration Act "requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Info. Scis. v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989). An arbitration panel may exceed its powers when it fails to meet its obligations to the parties in a manner specified by the contract. *W. Employers Ins. Co. v. Jefferies & Co.*, 958 F.2d 258, 262 (9th Cir. 1992).

In this case, the arbitration agreement required the arbitration panel to analyze the issues, claims, counterclaims, and defenses of the parties and provide a "reasoned" award on the merits of the parties' claims and counterclaims. [R. 20-1, ¶¶ 4-5]. The defendants contend the arbitration panel exceeded its authority by issuing an unreasoned award. They claim the award was not reasoned because it fails refer to, much less offer any basis for denying, two of the defendants' counterclaims.

Galloway cites *Green v. Ameritech Corp.*, 200 F.3d 967 (6th Cir. 2000) for the proposition that an arbitration award with even the barest of explanations is sufficient to satisfy the requirement that the arbitration award be reasoned. In *Green*, the arbitration agreement at issue required the arbitrator's award be accompanied by an opinion explaining the arbitrator's decision. *Id.* at 970. The opinion of the arbitration panel in *Green* "provided a separate discussion regarding each of the plaintiff's theories and explained, albeit briefly, the reasons for denying recovery on each one." *Id* at 976. The *Green* court found this to be sufficient, and opined that if the parties desired a more detailed arbitration opinion they should have clearly

stated that requirement in their agreement. *Id*.

*Green* is distinguishable from the present case. Unlike the arbitration opinion in *Green*, the arbitration panel in the present case did not specifically discuss or even mention all of the defendants' counterclaims. Galloway justifies the arbitration panel's failure to address all of the defendants' counterclaims by stating:

> While it may have been possible for the panel to actually state specifically in the Award that all of Defendants' counterclaims were without merit, such was not required by the Agreement. Put simply, the parties did not engage the Panel to engage in minute fact-finding within a dispute involving cross-claims and well over 600 exhibits, as the cost of such endeavor was neither desired nor requested.

[R. 21, p. 8]. This argument is not persuasive. The defendants do not argue that the arbitration panel was required to engage in some sort of Herculean fact finding task. Instead, the defendants simply ask that any basis at all be given for the panel's decision. The plain language of the arbitration agreement clearly indicates the parties expected the arbitration panel provide reasoned awards on the merits of the parties claims, counterclaims, and defenses. A denial of the defendants' counterclaims cannot be "reasoned" when neither a basis for the denial is given, nor the very existence of the counterclaim mentioned. For an award to be reasoned, at a bare minimum, it must include a basic statement addressing why each claim, counterclaim, theory, or defense was accepted or rejected by the panel.

**B. Galloway does not dispute the arbitration panel manifestly disregarded the law**

The defendants contend the arbitration panel manifestly disregarded the law by awarding "retainage" damages to Galloway despite clear Tennessee and Kentucky law providing contractors do not owe retainage to subcontractors until the contractor receives their own retainage from the owner. *See* T.C.A. § 66-34-103(b); K.R.S. 371.410(2). According to the defendants, Galloway offered no evidence the owner had paid Utilipath its retainage and could

4

not do so because the projects were ongoing. Until the owner paid Utilipath, it contends, it should be under no obligation to pay Galloway.

The Court need not consider the proper interpretation of Tennessee and Kentucky law on the retainage issue because Galloway did not respond to these contentions. Galloway's response begins with a thorough discussion of the standard of review before discussing manifest disregard of the law. [R. 21, p. 5]. Galloway correctly points states that arbitrators manifestly disregard the law when (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refuse to heed that legal principle. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v.* Jones, 70 F.3d 418, 421 (6th Cir. 1995).

Galloway discusses the issues a court should consider when manifest disregard is alleged, but it does not apply the law to the facts of the case. Galloway did not argue that the applicable legal principles were ambiguous or subject to reasonable debate. Galloway also does not contend that the arbitration panel refused to heed those legal principles. Galloway's discussion of the law without any application of the law to the facts of this case cannot be considered a meaningful response in opposition of the defendants' argument.

The local rules of this Court provide that the failure to respond to a Motion is deemed to be a waiver of any opposition to the relief sought. E.D. Tenn. LR 7.2. This waiver occurs both where a party expressly concedes a point and where a party fails to respond to arguments made by its opponent. *Taylor v. Unumprovident Corp.*, 2005 WL 3448052, at *2 (E.D. Tenn. Dec. 14, 2005) (citing *Guster v. Hamilton Cnty Dep't of Ed.*, 2004 WL 1854181, at *7 (E.D. Tenn. March 2, 2004) (holding an argument not addressed in the responding party's brief is deemed waived)). Because Galloway did not respond to the defendants' specific arguments regarding the arbitration panel's manifest disregard for the law, it has waived any opposition to the relief

5

sought.

## C. Vacatur is the remedy for manifest disregard of the law

In the event the Court finds the arbitration award ambiguous or in need of clarification, Galloway urges the Court to remand the matter to the arbitration panel. See *Green v. Ameritech Corp.*, 200 F.3d at 977 ("Courts usually remand to the original arbitrator for clarification of an ambiguous award when the award fails to address a contingency that later arises or when the award is susceptible to more than one interpretation.") (collecting cases). It is possible that remand would be appropriate in this case if the only deficiency was the arbitration panel's failure to give any reasoning for its denial of the defendants' counterclaims. The Court could remand the case to the arbitrator for clarification as to the reasons it rejected the defendants' counterclaims.

But this case undisputedly involves a manifest disregard for the law—the remedy for which is vacatur. *See, e.g. Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 Fed. App'x. 415 (6th Cir. 2008) (vacating arbitration award because of manifest disregard for the law). Accordingly, the arbitration award will be vacated.

### III. Conclusion

For the foregoing reasons, the plaintiff's motion and amended motion for judgment based on the arbitration award, [R. 13 & 17], are **DENIED**; the defendants' motion to vacate the arbitration award, [R. 19], is **GRANTED**. The Court finds the defendants' motion to stay the confirmation proceeding, [R. 16], is moot. The arbitration award is vacated and the parties are **ORDERED** to once again submit their dispute to binding arbitration pursuant to their arbitration agreement.

6

**IT IS SO ORDERED.**

                                                                               */s/ Pamela L. Reeves*
                                                                               **UNITED STATES DISTRICT JUDGE**