UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Galloway Construction, LLC,                    )
                                               )
              *Plaintiff*,                     )
                                               )
v.                                             )      No.:      3:13-CV-161-PLR-CCS
                                               )
Utilipath, LLC and Liberty Mutual             )
Insurance Company,                             )
                                               )
              *Defendants*.                     )

**<u>Memorandum Opinion and Order</u>**

In January 2014, an arbitration panel issued a decision finding in favor of Galloway

Construction and awarding money damages. [R. 12-1]. Galloway then filed a motion before this

Court for a judgment based on the arbitration award. [R. 13]. Utilipath and Liberty Mutual

(collectively referred to as "Utilipath") subsequently filed a motion to vacate the arbitration

award. [R. 19]. Utilipath's motion to vacate argued that the arbitration panel exceeded its

powers by failing to fulfill its obligations under the arbitration agreement between the parties.

Specifically, the arbitration agreement required the panel to "[a]nalyze the issues, claims,

counterclaims, and defenses of the [p]arties submitted or presented at the hearing" and to render

a "reasoned" award. Utilipath contended that the arbitration panel failed to uphold its

obligations because the arbitration award fails to analyze or even acknowledge the existence of

all of Utilipath's counterclaims and defenses, fails to make a connection between the facts at

issue and the conclusions reached, and is otherwise unreasoned and perfunctory. Additionally,

Utilipath argued that the arbitration panel acted in manifest disregard of the law by consciously

disregarding the relevant statutes dictating the conditions under which a contractor must release retainage to a subcontractor.

Galloway filed a response in opposition to the defendants' motion to vacate, [R. 21]; however, Galloway failed to meaningfully respond to the defendants' manifest disregard of the law argument. The Court held in favor of the defendants on their first contention because the arbitration panel did fail to provide a "reasoned" award. [R. 25]. The Court went on to hold that Galloway waived any opposition to Utilipath's manifest disregard claim under Local Rule 7.2, because Galloway did not respond in opposition. Had the award merely been unreasoned, the Court may have remanded the matter back to the arbitration panel for clarification; however, because the Court found manifest disregard of the law, it vacated the arbitration award and ordered the parties to conduct a new arbitration.

Now before the Court is Galloway's motion for reconsideration urging the Court to alter its decision pursuant to Rules 59(e) or 60 of the Federal Rules of Civil Procedure. [R. 26]. Utilipath has responded, [R. 28], the Court held oral arguments on October 16, 2014, [R. 32], and the matter is ripe for consideration.

## I. Standard or Review

Under Rule 59(e), a court may reconsider or alter a judgment to correct a clear legal error, when there is an intervening change in the controlling law, or to prevent manifest injustice. *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012). A motion under Rule 59 is not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and [is] not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *See Kenneth Henes Special Projects Procurement v.*

2

*Cont'l Biomass Indus. Inc.*, 86 F.Supp.2d 721, 726 (E.D.Mich. 2000). A showing of manifest injustice requires there be a fundamental flaw in the Court's decision that would lead to an inequitable result that is not in line with public policy absent correction. *See United States v. Jarnigan*, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing *McDaniel v. Am. Gen. Fin. Servs., Inc.*, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).

The standard of review in arbitration cases is "extremely narrow." *NCR Corp v. Sac-Co, Inc.*, 43 F.3d 1076, 1079 (6th Cir. 1995). In fact, arbitration awards under the Federal Arbitration Act carry a presumption of validity. *Andersons, Inv. v. Horton Farms, Inc.* 166 F.3d 308, 328 (6th Cir. 1998). "When courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir. 2002) (quoting *Lattimer-Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir. 1990)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Thus, "[a] federal court may vacate an arbitration award only in very limited circumstances." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 845 (6th Cir.2003). "Those circumstances include 'where the arbitrators exceeded their powers,' 9 U.S.C. § 10(a)(4), and where the arbitrators act with 'manifest disregard for the law.'" *Id.* (quoting *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir.2000)). An arbitration panel manifestly disregards the law when: (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refuse to heed that legal principle. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jones*, 70 F.3d 418, 421 (6th Cir. 1995). "A mere error in interpretation or application of

the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Physicians Insurance Capital v. Praesidium Alliance Group*, 562 Fed. Appx. 421, 423 (6th Cir. 2014). "As long as a court can find any line of argument that is legally plausible and supports the award then it must be confirmed." *Id.* (quoting *Merrill Lynch v.* Jones, 70 F.3d at 421).

## II. Discussion

Galloway contends the Court should alter or amend its order because: (1) the Court misunderstood the relevant facts; (2) the Court misunderstood Galloway's response to the defendant's manifest disregard argument; (3) the Court erred in finding that the panel did not render a "reasoned award;" or (4) based on mistake, inadvertence, or excusable neglect on the plaintiff's part for failing to meaningfully respond to the defendants' manifest disregard argument. [R. 27, pp. 1-2; R. 29, p. 5]. The Court's original holding was based on its perception that Galloway failed to respond to Utilipath's manifest disregard of the law argument. Under Local Rule 7.2, a party waives any opposition to the relief sought if it does not respond. Based solely on the Court's perception that Galloway failed to respond, the Court held in Utilipath's favor regarding manifest disregard of the law.

Upon reconsideration, and with the benefit of further briefing and argument, the Court is of the opinion that a finding of manifest disregard of the law is unwarranted because it is not clear from the record that the arbitrators refused to heed the applicable retainage laws. The applicable legal principal at issue concerns the timing of retainage payments. The arbitration award purportedly includes approximately $435,000 in retainage Utilipath must pay to Galloway. Tenn. Code Ann. § 66-34-103(b) provides that "the prime contractor [Utilipath] shall pay all retainages due any subcontractor [Galloway] within ten (10) days after of receipt of the

retainage from the owner."[1]  Based on this statute, Utilipath contends it cannot be required to pay retainage to Galloway until Utilipath receives its retainage from the owner.  Utilipath argues that Galloway offered no evidence at arbitration that the owner had paid Utilipath its retainage. Furthermore, according to Utilipath, Galloway could not have offered such evidence because the projects were ongoing.  Accordingly, Utilipath argues that the arbitration panel manifestly disregarded the law by ordering Utilipath to pay Galloway the retainage.

This argument fails for two reasons.  *First*, there is no record of the arbitration proceedings.  Where there is no transcript from the arbitration proceedings for the Court to evaluate in determining what evidence was or was not before the arbitration panel, it is difficult for a party to support its argument for vacating an arbitration award.  *See Praesidium Alliance Group*, 562 Fed. App'x. 421 (affirming district court's judgment confirming an arbitration award because the appellant failed to create a record of the arbitration with which to support its manifest disregard argument).  Utilipath has submitted exhibits and post-arbitration briefs that were submitted to the arbitration panel, however, those documents do not definitively establish what evidence was or was not submitted to the arbitration panel, nor do they establish what competing evidence was offered by Galloway.  The factual record is quite simply insufficient for the Court to find that the arbitration panel's award flies in the face of clearly established legal precedent.

*Second*, Utilipath's statutory argument only addresses the timing of retainage payments under Tennessee or Kentucky law, not whether retainage payments will ever be due.  The arbitrators' opinion did not break down the award or clearly establish when retainage amounts as opposed to general damages must be paid.  The arbitration panel may, for example, have meant

---

[1] Kentucky law, which may apply to a portion of the claims at issue, similarly provides that contractors must pay retainage to subcontractors after receiving payment from the owner.  *See* K.R.S. 371.410(2) and 371.405(8).

for the retainage portion of the damages to be paid upon Utilipath's receipt of the retainage from the owner, but failed to specify that result. The arbitration panel's imprecise announcement of damages can be remedied by remanding the case back to the arbitration panel for clarification.

Finally, Utilipath contends that the arbitration panel improperly awarded retainage despite a provision in the parties' contract stating that "[i]f [Galloway] does not remain on the project until completion, [Galloway] agrees that the retainage will be forfeited." The arbitration panel explained that "Utilipath's contention that Galloway 'forfeited' its retainage by failing to complete the work is without merit. Utilipath's breach of its payment obligations excused any further performance by Galloway. Utilipath cannot breach the subcontract and then seize the retainage as a reward." [R. 12-1, p. 5]. The arbitration panel reasoned that such a contractual provision is an unenforceable penalty—a conclusion that does not fly in the face of clearly established legal precedent.

In light of the foregoing, failure to alter the Court's order would result in a manifest injustice because the result would be both inequitable and not in line with applicable policy. *See United States v. Jarnigan*, 2008 WL 5248172, at *2 ("[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.") (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, 2007 WL 2084277, at *2). While Galloway's response in opposition to Utilipath's motion to vacate did not clearly tie the lack of a transcript to proving manifest disregard of the law, it would be both inequitable to Galloway and wasteful of both parties' time and resources to require they resubmit their claims to arbitration to cure a procedural deficiency in the plaintiff's pleadings. Vacating the award would also be contrary to public policy, which promotes upholding arbitration awards in all but the narrowest of circumstances.

6

### III.    Conclusion

For the foregoing reasons, Galloway's motion to reconsider, [R. 26] is **Granted**. Utilipath's motion to vacate, [R. 19], is **Denied**. This matter is remanded to the arbitration panel for clarification regarding the timing of the retainage payments and the arbitration panel's reasoning for rejecting Utilipath's counterclaims.

**It is so ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**